### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARYANN LAMER, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 04-CV-847-TCK-PJC |
| | ) |
| WILLIAMS COMMUNICATIONS, LLC, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter came before the Court for hearing on Defendant's Motion to Compel [Dkt. # 48]. Defendant's motion raised two issues for consideration by the Court: First, production of certain financial information, including Plaintiff's W-2s for 2002 and 2003. Plaintiff is to produce these documents by February 2, 2007. The Court considers Defendant's motion as to this matter to be moot. The second issue concerned whether Plaintiff must produce a privilege log listing affidavits she has obtained from non-party witnesses after the filing of this lawsuit. The Court addresses this issue below.

Plaintiff's counsel has represented that the only documents that she has not produced to Defendant are her notes from interviews with potential witnesses and affidavits based on these notes. Counsel further represented that all of her notes and the affidavits were prepared after the filing of this lawsuit on November 3, 2004 [Dkt. # 1]. Relying on *Schipp v. General Motors Corp.*, 457 F.Supp.2d 917 (E.D.Ark. 2006), Defendant argues that the affidavits must be listed on a privilege log since they may be "verbatim non-party witness statements." *Id.* at 924.

*Legal Standard*

The Work Product doctrine protects from discovery those materials prepared by an attorney in anticipation of litigation. *Hickman v. Taylor*, 329 U.S. 495, 510 (1947) ("Not even the most liberal of discovery theories can justify unwarranted inquiries into the files and the mental impressions of an attorney."). With respect to civil litigation, the principles announced in *Hickman* have been codified in Fed. R. Civ. P. 26(b)(3), and one must look to this rule and its interpretations for guidance in applying work-product protection. *See*, Edna Selan Epstein, *The Attorney-Client Privilege and the Work-Product Doctrine*, p. 481 (ABA 4th ed.). The work-product doctrine strikes a balance between the benefits of an adversary system and liberal discovery rules. *Anderson v. Hale*, 202 F.R.D. 548 (N.D.Ill. 2001). "On the one hand, liberal discovery rules provide parties with the fullest possible knowledge of the operative facts of the case before trial to reduce surprise and ensure that cases are decided on the merits. On the other hand, to arrive at the truth, the adversary system pits attorneys against each other and charges them with gathering information, sifting through it, and developing strategy." *Id.* at 553-54 (citations omitted).

In federal court, the proponent of a privilege has the burden of proving its applicability. *E.g.*, *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 976 (7th Cir. 1996). Once the proponent has met this burden, the burden shifts to the party seeking production to show both a substantial need and an inability to get the information from some other source. Epstein, *supra*, at 492.

*Discussion*

At the hearing held February 1, 2007, Plaintiff's counsel represented that the only documents she has not produced to Defendant are her notes of interviews with certain witnesses and affidavits based on those notes, all prepared after this action was commenced. Defendant concedes that counsel's notes of her post-lawsuit interviews are protected work product, but contends that the affidavits are fact statements that, at the least, must be listed on a privilege log. Defendant requests the Court to order Plaintiff's counsel to list these interviews on a privilege log. This would disclose to Defendant which witnesses Plaintiff's counsel felt were important to interview and get affidavits from. Plaintiff argues that even listing these witnesses' names on a privilege log compromises her work-product protection.

Defendant relies on *Schipp* in which the court noted that while an attorney's notes taken during an interview are work product, "any verbatim non-party witness statements are neither privileged nor work product and must be produced." *Schipp*, 457 F.Supp.2d at 924.

Other courts disagree with the view expressed in *Schipp*. The work-product doctrine creates a certain "degree of privacy" protected from the broad scope of discovery to maintain balance and fairness in adversarial competition. *See Hickman*, 329 U.S. at 510-11. This protection includes such documents as a "lawyer's research, analysis of legal theories, mental impressions, and notes." Courts have held that it also protects "memoranda of witness statements." *See*, *S.E.C. v. Brady*, 238 F.R.D. 429, 441 (N.D.Tex. 2006) (citations omitted); *Anderson v. Hale*, 202 F.R.D. 548, 554 (N.D.Ill. 2001) (Tapes of witness interviews done after lawsuit filed were protected work product).

LCvR26.4 of the Local Rules of this Court describes the required contents of a privilege log. The rules provides in pertinent part:

> This rule requires preparation of a privilege log with respect to all documents withheld on the basis of a claim of privilege or work product protection except the following: written communications between a party and its trial counsel after commencement of the action and the work product material created after commencement of the action.

The affidavits at issue are work product and were prepared after commencement of the action; thus, under LCvR26.4 they are protected from production absent special circumstances. There is no record evidence before the Court of any special circumstances that would render the affidavits producible in this instance. Furthermore, the undersigned believes that even mere disclosure of the names of non-party witnesses Plaintiff's counsel has interviewed would represent an invasion of counsel's mental impressions and strategies. "[A]n interrogatory asking a party to identify all persons interviewed would contravene work product. Yet automatic disclosure of witness statements would require revelation of the identities of all witnesses from whom the attorney decided to take a statement, thereby intruding into the heart of attorney trial preparation." 8 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2028, p. 415 (1994).

Apart from the privilege log issue, Plaintiff has other obligations regarding the disclosure of names of potential witnesses. Fed. R. Civ. P. 26(a)(1) imposes obligations regarding the names of individuals "likely to have discoverable information." The Scheduling Order [Dkt. # 34] entered by the Court on August 29, 2006, required an exchange of initial witness lists by September 29, 2006. The Order [Dkt. # 57] entered on January 3, 2007, requires final witness lists to be filed on April 27, 2007. To the

extent the individuals Plaintiff's counsel has interviewed are potential witnesses, they must be disclosed to Defendant on these lists.

The Court concludes that under these circumstances Plaintiff need not produce a privilege log listing the witness statements at issue. However, if any person from whom Plaintiff has a witness statement has (1) not been listed on Plaintiff's witness list(s) and (2) has not been identified as required by Fed. R. Civ. P. 26(a)(1), Plaintiff shall identify that person for Defendant within three (3) business days of this Order. Defendant's Motion to Compel a privilege log is **DENIED** subject to the condition outlined above.

IT IS SO ORDERED this 6th day of February 2007.

_____
Paul J. Cleary
United States Magistrate Judge