**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **MARYANN LAMER, an individual,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 04-CV-847-GKF-PJC |
| ) | |
| **WILLIAMS COMMUNICATIONS, LLC,** ) | |
| ) | |
| **Defendant.** ) | |

**OPINION AND ORDER**

Before the Court for determination are Defendant's Motion for Sanctions for Plaintiff's Failure to Appear for Properly Noticed Deposition ("Motion for Sanctions") [Dkt. # 61] and Defendant's Motion for Attorney Fees ("Motion for Fees") [Dkt. # 62]. The Motion for Sanctions concerns expenses incurred in connection with the continuation of Plaintiff's deposition scheduled for January 11, and January 29, 2007. Defendant's Motion for Fees seeks compensation for Defendant's expenses regarding a Motion to Quash/Motion for Protective Order/Motion for Sanctions and Motion to Stay [Dkt. ## 39, 40, 41], and a Motion to Compel [Dkt. # 48].

Defendants seeks a total of $3,458.40 with respect to the Motion to Stay and Motion to Quash/Motion for Protective Order/Motion for Sanctions [Dkt. # 62, Exh. "A"]. Defendant's request for fees and costs associated with its Motion to Compel has two components: First, $4,689.50 for fees and costs associated with Plaintiff's scheduled deposition on January 11, 2007, and the rescheduling and preparation on January 29, 2007 [Dkt. #61, Exh. "F" & Dkt. #82, Exh. "A"]. Second, $4,945.20 for fees and costs

associated with compelling discovery responses and document production [Dkt. # 62, Exh. "B"]. Thus, the total amount requested is $13,093.10.

*Background*

This Title VII case was filed on November 3, 2004. Plaintiff alleges gender discrimination in employment, retaliation for complaining of gender discrimination, and unlawful termination in violation of Oklahoma public policy. The merits of this case have not been addressed during the two-and-a-half years since the lawsuit was filed. The lawsuit has seemed stuck in a procedural morass. Six different scheduling orders have been entered. [Dkt. ##15, 23, 28, 34, 57, 80].

Recent developments have significantly impacted the case. On March 8, 2007, attorney N. Kay Bridger-Riley was suspended indefinitely from the practice of law in the Northern District of Oklahoma. *Order*, No. 07-AP-5 (N.D. Okla. March 8, 2007). On March 19, 2007, Bridger-Riley sought leave to withdraw as counsel [Dkt. # 84] and on March 30, 2007, her request was granted. [Dkt. # 88]. Plaintiff was ordered to do one of the following by May 31, 2007: (1) have new counsel file an appearance; or (2) file an appearance *pro se*. [Dkt. # 88]. A new judge has been assigned to this case [Dkt. #69] and the pending schedule has been stricken. [Dkt. #88]. A Scheduling Conference is set for June 14, 2007 [Dkt. #88].

*Requested Fees and Costs*

**(1) Motion for Attorney Fees.**

On November 21, 2006, Plaintiff served notices of depositions to begin on November 27, 2006 – the Monday following Thanksgiving. At the time discovery cutoff was set for November 28, 2006. Defendant informed counsel for Plaintiff that it did not

2

consider the notice reasonable and would seek costs if Plaintiff did not withdraw the notices. When Plaintiff's counsel did not withdraw the notices, Defendant filed its Motion to Quash/Motion for Protective Order/Motion for Sanctions [Dkt. # 39 & # 41], and Motion to Stay [Dkt. # 40]. The undersigned conducted an expedited hearing on November 28, 2006, finding the Motion to Quash, Motion to Stay and Motion for Protective Order moot since the depositions had not gone forward as noticed. The Court deferred action on Defendant's motion for sanctions since it was not yet at issue. Defendant seeks $3,458.34 in fees and costs associated with the fight over these deposition notices.

**(2) Motion for Sanctions.**

This motion concerns Plaintiff's failure to produce requested documents and complete Plaintiff's deposition. Discovery was served on May 28, 2006. Responses were due on June 28, 2006. Plaintiff served a Response to Interrogatories on August 3, 2006, but did not respond to Defendant's document requests until August 14. Defendant sought to compel Plaintiff to produce a privilege log as to documents created after this lawsuit was initiated [Dkt. # 48]. The Court denied this request [Dkt. # 68]. Defendant also sought to compel production of Plaintiff's W-2s and certain marketing information. Plaintiff was ordered to produce these documents. Defendant seeks $4,945.20 for costs/fees associated with its motion to compel in this regard.

Defendant also sought sanctions for Plaintiff's failure to appear for her deposition noticed for January 11, 2007. Plaintiff's counsel contends that she did not learn until January 10, 2007, that her client and husband were in Europe and therefore that Plaintiff could not be available for deposition on January 11. Plaintiff's counsel contends she

immediately sought to inform Defendant of the situation.  Plaintiff's deposition was taken at a later date.  Defendant seeks $4,689.50 in costs and fees as a sanction.

*Standard*

Fed. R. Civ. P. 37(d) provides that if a party fails to appear for a properly noticed deposition or fails to serve answers to properly served discovery requests, the court "may make such orders in regard to the failure as are just."  The Court shall require the party failing to act or his/her attorney or both to pay the reasonable expenses caused by the failure "unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."

A court has great discretion in imposing sanctions.  *E.g.*, *Marshall v. Ford Motor Co.*, 446 F.2d 712, 713 (10th Cir. 1971).  Any sanction should be just and reasonable.

*Discussion*

There is little question that discovery in this case could have proceeded more smoothly than it did.  The Court is not without sympathy for the plight of a Defendant who is haled into Court and then finds that its efforts to obtain basic discovery become needlessly protracted.  However, the Court and Defendant's counsel are aware that Plaintiff's counsel experienced disruption of her professional and private life during the pendency of this matter and that this contributed to some degree to the events described above.  Considering all of the circumstances herein, the Court in the exercise of its discretion hereby DENIES the Motion for Sanctions and the Motion for Attorney Fees.  The Court finds that there was sufficient basis for disagreement over some of the contested discovery matters, *e.g.*, the privilege log issue upon which Plaintiff prevailed.  Furthermore, Plaintiff has offered an explanation for the problems surrounding the

5

January 11 deposition. Reasonable minds may certainly differ as to the reasonableness of counsel's conduct in determining Plaintiff's availability for that deposition. Nevertheless, the Court finds that Plaintiff's counsel has suffered a sufficient sanction already. She has been suspended indefinitely from practice of law in this Court and is no longer involved in this lawsuit. Under the circumstances the undersigned believes that imposition of monetary sanctions would indeed constitute "piling on."

Accordingly, the Motion for Sanctions and Motion for Attorney Fees are hereby DENIED.

DATED this 16th day of May 2007.

_____
Paul J. Cleary
United States Magistrate Judge